EDWIN COBB V. STATE.

No. 2320. Decided March 19, 1913.

**Occupation—Intoxicating Liquors—Local Option—Escape—Affidavit.**

Where, upon appeal from a conviction of pursuing the occupation of selling intoxicating liquors in local option territory, the affidavit of the sheriff accompanying the record showed that appellant had escaped from jail and not voluntarily returned within ten days from date of escape, the appeal must be dismissed.

Appeal from the District Court of Fannin. Tried below before the Hon. Ben H. Denton.

Appeal from a conviction of pursuing the occupation of selling intoxicating liquors in local option territory; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—In this case appellant appeals from a judgment adjudging him guilty of pursuing the occupation of selling intoxicating liquors in prohibition territory.

Accompanying the record is the affidavit of the sheriff of Fannin County testifying that appellant escaped from jail, pending this appeal, and that he did not voluntarily return within ten days from date of his escape. Consequently the motion of the Assistant Attorney-General to dismiss the case is sustained.

The appeal is dismissed.

*Dismissed.*

---

A. R. IRBY V. STATE.

No. 2353. Decided March 19, 1913.

Rehearing denied April 16, 1913.

**1.—Embezzlement—Monogram—Check—Variance.**

Where the check described in the indictment for embezzlement and that introduced in evidence were exactly alike, except the check introduced had the monogram of the bank printed in the upper left-hand corner, which was not descriptive of the check, there was no variance. Following May v. State, 15 Texas Crim. App., 430.

**2.—Same—Evidence—Letters—Date of Offense.**

Where defendant on trial of embezzlement objected to the introduction in evidence of certain letters because they were written after the date of the offense alleged in the indictment, but the record showed that they were all written prior to the date of the finding and filing of the indictment and were within the period of limitation with reference to the offense, there was no error.

**3.—Same—Evidence—Letters.**

Where, upon trial of embezzlement, a certain letter would not have been admissible if a proper objection had been raised, but the objection thereto was with reference to the date of the letter, which was immaterial, there was no error.

**4.—Same—Evidence—Letters.**

Where the money alleged to have been embezzled was delivered to defendant to pay a balance due to the State on land, and the letter written by the defendant, which was introduced in evidence, pretended to enclose a receipt for said money, such letter was admissible in evidence to throw light on defendant's intent to embezzle the money when he deposited it in his own name.

**5.—Same—Date of Offense.**

Upon trial of embezzlement, the State was not restricted to its proof of the date of the offense to the identical date alleged in the indictment, as long as the same was within three years prior to the filing of the indictment. Following Knight v. State, 64 Texas Crim. Rep., 541.

**6.—Same—Evidence—Facts Brought Out by Defendant.**

Where the State did not bring out the testimony with reference to a statement made to the witness by a cashier of the bank, but the same was brought out by defendant without objection and was then excluded by the court, there was no error.

**7.—Same—Continuance—Bill of Exceptions.**

In the absence of a bill of exceptions to the action of the court in overruling a motion for a continuance, the same cannot be reviewed on appeal.

**8.—Same—Indictment—Motion for New Trial.**

Where the indictment followed approved precedent in a trial of embezzlement, there was no error; besides there was no motion to quash in the record.

**9.—Same—Charge of Court—Felony—Misdemeanor.**

Where, upon trial of embezzlement, the evidence showed that the defendant embezzled money over the value of $50 at one time within the time alleged in the indictment, there was no error in the court's failure to submit a charge on misdemeanor embezzlement.

Appeal from the District Court of Comanche. Tried below before the Hon. J. H. Arnold.

Appeal from a conviction of embezzlement; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Callaway & Callaway*, for appellant.—On question of insufficiency of indictment: Huddleston v. State, 11 Texas Crim. App., 22; Baker v. State, 14 id., 332; Edgerton v. State, 70 S. W. Rep., 90; Fischl v. State, 54 Texas Crim. Rep., 55, 111 S. W. Rep., 410; Feeney v. State, 58 Texas Crim. Rep., 152, 124 S. W. Rep., 944; Simmons v. State, 61 Texas Crim. Rep., 7, 133 S. W. Rep., 687.

On question of introducing letters not written by defendant: Cline v. State, 36 Texas Crim. Rep., 320; Childers v. State, 30 Texas Crim. App., 160; Chester v. State, 23 id., 577.

On question of value of money embezzled: Stalling v. State, 29

Texas Crim. App., 220; Cody v. State, 31 Texas Crim. Rep., 183; Knight v. State, 13 S. W. Rep., 598; Loving v. State, 71 S. W. Rep., 277.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was convicted of embezzlement and his punishment assessed at two years confinement in the State penitentiary.

In the first bill of exceptions appellant complains that the court erred in admitting in evidence the check given by W. C. Dukes to him for $163.50 on account of an alleged variance. The check described in the indictment and the check introduced in evidence are exactly alike, except the check introduced in evidence had the monogram of the bank printed in the upper left-hand corner. This neither added to nor took from the check anything of value, nor was it descriptive of anything in the check. In a case of embezzlement this is not such a variance as would preclude its admissibility in evidence. May v. The State, 15 Texas Crim. App., 430.

Another bill of exception reads as follows: "Be it remembered that upon the trial of the above styled and numbered cause, the district attorney offered in evidence six or eight letters, as set out in full in the statement of facts filed herein, which statement of facts is hereby referred to and the letters as therein set out are made a part hereof, all of which letters were dated after the 4th day of January, A. D. 1912, the date upon which the embezzlement took place as alleged in the indictment, to the introduction of all of which the defendant then and there in open court objected for the reason that said letters were dated after the 4th of January, the day upon which the embezzlement is alleged in the indictment to have taken place and that all of said letters were written and received after the alleged crime had taken place, and could in no way affect the transaction that had already occurred; they were therefore not admissible. They were highly prejudicial to the defendant's cause, because they might and would strongly tend to cause the jury to believe that at any time after the said date if the defendant should have formed the intention to take and use the said money, that they could and should convict him, just the same as though he had embezzled the money on or before the said date, when in law he could not be convicted on this indictment for any crime he may have committed after the said date alleged in the indictment." It is thus seen that the only ground urged on the trial, to the introduction of these letters in evidence was that they were written after the date alleged in the indictment when that offense occurred, etc. The letters were all written prior to the date of the finding and filing of the indictment in this cause, and as the date alleged in the indictment as the date of the offense is not a material allegation, as the offense may be proven to have occurred at any time

prior to the filing of the indictment within the period of limitation, the objection made would not preclude the introduction of the letters. However, we have read all the letters introduced, and they were all written by appellant, (except one) and the letters written by appellant were properly admitted, as they would tend strongly to show whether or not appellant intended to embezzle the check or the money received thereon. As to the letter written by Mr. J. T. Robinson to Mr. Dukes, it would not have been admissible if objected to and the proper objection made. The court, in approving the bill (which is accepted and filed by appellant) states that the only letters objected to were the ones written by appellant. The letters written by appellant were properly admitted in evidence, for they throw light on the issue on trial. The money was delivered to appellant to pay a balance due to the State on land, and in one of the letters he says: "Rising Star, March 5th, 1912. Mr. W. C. Dukes, Duster, Texas. Dear Mr. Dukes: —Will you please find enclosed receipt from the land office in payment of you balance that you owed on your land. Will be glad to get the matter closed up, but I am at a loss to know how to get things in a better shape. Wishing you all kinds of success, and that we will get things closed up at an early date, I am, yours very truly, A. R. Irby." As the record discloses there was no receipt in the letter, and in fact he had not paid the State the money, nor ever received any receipt. It can be seen how this letter would throw light on whether or not appellant intended to embezzle the check or money when he deposited it in his own name. But if the court should be wrong in stating that the only letters objected to were the letters written by appellant, and appellant did object to the letter written by Mr. Robinson, being admitted in evidence, if the only objection urged was that the letter was written after the date alleged in the indictment, the court would not err in overruling such an objection. Appellant seems to proceed on the theory that the State was tied to the date January 4th, and appellant could not be convicted unless it was shown the embezzlement took place on that date. But the indictment was not returned until October 18, 1912, and while it did allege that the offense was committed on or about January 4, 1912, yet, the State was not restricted to its proof on that identical day, but could prove any date prior to October 18, (the day of the filing of the indictment), so that such date was within three years prior thereto. Knight v. The State, 64 Texas Crim. Rep., 541, 144 S. W. Rep., 967. As heretofore stated, if the proper objection had been urged this letter should not have been admitted, but the trial court is only called on to pass on the objection made, and this court merely passes on whether he erred in passing on that objection.

The third bill of exceptions states that Mr. Dukes was permitted to testify to a statement made to him by the cashier of the bank at Rising Star. Of course, the State could not make such proof; it would be hearsay, pure and simple, in the absence of appellant. But in

approving the bill the court states: "I can not approve this bill of exceptions as the same is presented to me.for the reason that the same does not correctly show how the matter in question transpired. The district attorney did not ask the witness Dukes the question attributed to him in the bill of exceptions, and Dukes did not answer it over the objection of the defendant's counsel as stated in the bill. The statement of Jones to Dukes was brought out by the defendant himself as is shown by the statement of facts on page 10 (near the bottom of page) and notwithstanding the fact that defendant, through his counsel, drew out of Dukes and in that way put into the record what Jones had said to him, as soon as he had done so, I excluded what Jones had said." By reference to the statement of facts we find that the court is correct in his qualification, and that the State did not adduce this testimony, but it was introduced by defendant on cross-examination, and without objection being made, the court at once excluded it as hearsay, and instructed the jury not to consider it.

There was no exception reserved to the action of the court in over-ruling the motion for continuance, consequently we can not review that ground in the motion for new trial.

In the motion for a new trial it is alleged that the court erred in overruling the motion to quash the indictment. There is no such motion in the record; however, we have read the indictment and it is drawn in terms frequently approved by this court.

The special charges requested by appellant, insofar as they are the law, were fully presented to the jury by the court in his charge. The only other two questions in the record are that the evidence is insufficient to sustain the conviction of a felony, and the court erred in not submitting the question of misdemeanor embezzlement. In this case it is clearly shown that Mr. Dukes sent appellant a check for $163.50 with which to pay an amount due the State, and secure for him a patent to his land; that appellant received the money on January 5th, and on that date appellant deposited to his credit this check in the State Bank at Sipe Springs. At the time he deposited this check he was overdrawn at this bank in the sum of $16.37; that on January 6th appellant gave a check or checks for $8.50, and on January 9th the bank cashed a check or checks of appellant for $141.98, these items aggregating $166.85,—thus, on January 9th, appellant had again overdrawn for $3.35. It is thus seen that appellant had appropriated all of this money to his own use within three days after he received it, and had not sent the money to the Land Commissioner to obtain the patent for Mr. Dukes' land. Appellant introduced a number of checks, covering a period of time from December 26, 1911, to February 8, 1912, but none of these checks would be material as to showing whether or not the court should have submitted embezzlement under fifty dollars, other than those paid on January 9th, the date the cashier of the State Bank says appellant drew out all the remainder of the $163.50. The cashier says on

January 9th he cashed a check or checks of appellant for $141.98; that these checks were turned over to appellant, and the only checks introduced in evidence that were cashed on that day were: One for $18.70; one for $3.25 and one for $14.03, and one for $1.00, all aggregating $26.98. Take this from the $141.98, and it still leaves one hundred and fifteen dollars, which appellant appropriated to his own use on January 9th, in one lump sum. Under such circumstances the court did not err in refusing to charge on embezzlement of a sum less than $50.00 and the evidence amply supports the verdict.

Affirmed.

*Affirmed.*

[Rehearing denied April 16, 1913.—Reporter.]